7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Joe BELCHER, Plaintiff-Appellant,
v.
Billy ASHLEY, et al., Defendants-Appellees.
 No. 93-5192.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Billy Joe Belcher appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Belcher sued several Kentucky correctional personnel in their individual and official capacities alleging that the defendants violated his due process rights when he was disciplined for possession of marijuana. Specifically, Belcher alleged that a disciplinary hearing was held before a biased panel, a second disciplinary hearing did not comport with due process, the evidence did not support his disciplinary conviction, and the disciplinary board improperly relied on the testimony of a confidential informant. The district court granted the defendants summary judgment and dismissed the case. Belcher has filed a timely appeal. The defendants have informed the court that they will not be filing a brief on appeal.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. There is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The defendants properly remedied any due process violation occurring in the first disciplinary hearing when they conducted the second disciplinary hearing. The second hearing comported with the requirements of due process, see Wolff v. McDonnell, 418 U.S. 539, 570-71 (1974), and some evidence existed to support Belcher's disciplinary conviction. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Further, the disciplinary board did not improperly rely on the testimony of a confidential informant. See generally Hensley v. Wilson, 850 F.2d 269, 276-83 (6th Cir.1988).
 
 
 5
 Accordingly, we affirm the judgment for the reasons set forth in the district court's memorandum and order filed on January 7, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation